Luscombe v. Elmore.

RACHEL L. LUSCOMBE, *Appellee*, V. WILLIAM ELMORE
*et al., Appellants.*

No. 17,282.

HEADNOTE BY THE REPORTER.

INJUNCTION—*Sale Under Execution—Fraudulent Conveyance.*
The evidence examined, and 'old to fully sustain the findings
of the court that appellee purch.. d in good faith the land in
controversy, and that no fraud was perpetrated on the creditors
of her husband by having the title placed in her name.

Appeal from Jackson district court.   Opinion filed
March 9, 1912.   Affirmed.

*John D. Myers,* for the appellants.

*James H. Lowell,* and *Charles Hayden,* for the appellee.

*Per Curiam:* There is nothing approaching direct or
certain evidence of any contract on the part of Mrs.
Kunkel to deed the property back on payment of her
investment and interest.   It is very significant that
when she requested definite and precise information
from Purvis he did not remind her of such a contract.
It is quite apparent that she was not aware of one,
and the assertions of Purvis that she held title to the
land were always without qualification.   The true situation is evidently disclosed by the statement of Purvis,
in the letter to C. A. Kunkel, that he, Purvis, was
working with the intention that when the loan was
paid off Mrs. Kunkel would deed the property to Luscombe.   When the crisis was reached Purvis told Mrs.
Luscombe, not that she must redeem or complete redemption, but that she must either buy the land or
get off.   The case, therefore, is simply one in which a
lenient creditor indulged her debtor while he made an
effort to reacquire title to the security he had lost,
the debtor understanding all the time that he was not

holding any legal right, and that if he failed, as he did fail, he had no remedy. The letters of Purvis and the scraps of bookkeeping shown are consistent with this theory. With affairs in this situation, it was perfectly natural that Luscombe should speak as if the land were held for him by Mrs. Kunkel. Witnesses Bartlett and Rafter give conversations with him on the subject which are quite incompatible with each other, although he doubtless endeavored to express the same thought to each one. The draftsman of the application for the loan put the idea in the form of an agreement to deed back. Mrs. Luscombe's testimony was that she knew nothing of her husband's statements, of the statements regarding Mrs. Kunkel's title contained in the application, or of any claim which her husband had upon the land, and that she rented the land herself of Mrs. Kunkel, through Purvis, and paid the rent to Purvis for a number of years. The evidence, therefore, which it was the province of the trial court to weigh and interpret, abundantly sustains the thirteenth, fourteenth, fifteenth and twenty-second findings of fact.

There is no suspicion of an intention to defraud Luscombe's creditors on the part of Mrs. Kunkel, and Mrs. Luscombe's testimony disproves fraud on her part. The findings of fact on all other essential matters are fully sustained by clear supporting evidence.

The oral evidence given at the trial was so important that the case can not be presented here as it was to the trial court. The findings refused are merely opposites of findings which the court deduced from the evidence, except the one relating to the sale of the southeast quarter of section 27, which, if made, would not change the result. The conclusions of law necessarily follow from the facts found.

The judgment of the district court is affirmed.